# EXHIBIT A

Case Number:20-005672-CI

Filing # 117558073 E-Filed 12/02/2020 06:22:08 PM

# IN THE CIRCUIT COURT OF THE 6th JUDICIAL CIRCUIT
# IN AND FOR PINELLAS COUNTY, FLORIDA

Vladislav Fogel,
an individual,

    Plaintiff,

Case No. _____

v.

GoLabs, Inc., a Foreign For Profit
Corporation, d/b/a GoTrax.

    Defendant.
_____/

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

**COMES NOW** the Plaintiff, Vladislav Fogel, an individual, by and through his undersigned counsel and files with this Court the following complaint for damages and demand for jury trial and states as follows:

### GENERAL ALLEGATIONS COMMON TO ALL COUNTS

1. This is an action at law in excess of $30,000.00, exclusive of attorney fees and costs.

2. As per Florida Rules of Civil Procedure 1.110(b), this action is plead in the alternative.

3. The transactions and occurrences giving rise to this claim arose in Safety Harbor, Pinellas County, Florida. As a result, venue in this jurisdiction is proper.

4. Plaintiff, Vladislav Fogel, is a resident of St. Paul, Ramsey County, Minnesota, over the age of 21, and is, in all respects, *sui juris*.

1

5. Defendant, GoLabs, Inc., is a foreign for-profit corporation domiciled pursuant to the laws of Texas, but doing business throughout Pinellas County, Florida. Defendant, GoLabs, Inc., is the owner of the fictious name GoTrax, and also does business under that assumed name.

6. Defendant, GoLabs, Inc., is in the business of designing, manufacturing, constructing, assembling, inspecting, distributing, and selling various electric scooters; specifically, a GoTrax G1 Glider Folding Electric Scooter; Serial No. GTGL767BLA18060200.

7. In the alternative, GoLabs, Inc., entered into a licensing agreement with the manufacture in which to sell and/or market the electric scooter applying the brand name of "GoTrax" which is owned by this Defendant.

8. The subject electric scooter identified in paragraph 6 was defective in that at the time of the sale or distribution, it contained a manufacturing defect in that it departed from its intended design even though all possible care was exercised in the preparation and marketing of the product. The electric scooter was in a defective condition unreasonably dangerous to the user or consumer.

9. In the alternative, the subject electric scooter identified in paragraph 6 was defective in design when the foreseeable risks of harm posed by the product could have been reduced or avoided by the adoption of a reasonable alternative design by the seller or other distributor, or a predecessor in the commercial chain of distribution, and the omission of the alternative design renders the product not reasonably safe.

10. On November 23, 2018, the Plaintiff purchased a GoTrax G1 Glider Folding Electric Scooter; Serial No. GTGL767BLA18060200 online direct from Defendant, GoLabs, Inc. (See attached receipt as **Exhibit 1**).

11. The subject electric scooter was for personal use at or near Plaintiff's home in Safety Harbor, Florida. This subject electric scooter was used according to all of Defendant, GoLabs, Inc.'s guidelines.

12. There is no installation needed by the end user for this product other than simply affixing levers on each side of the center column – one that applies the brake, and another is a throttle to accelerate.

13. On December 30, 2018, Plaintiff, Vladislav Fogel, was operating the scooter when the lever that controls the speed of the scooter became jammed, as Mr. Fogel pressed it to accelerate. As a result, the scooter could not be slowed and when Mr. Fogel attempted to bring it to a stop he was thrown from the scooter onto the ground and sustained a fracture to his left hand. At the time of the fall, Mr. Fogel estimates he was travelling approximately 10 mph.

14. A dissection of the subject electric scooter was performed by David M. Hallman, M.S., P.E., that revealed the following:

   a. The throttle lever was found to be stuck in the applied position at the time the scooter was inspected;

   b. When the retention snap ring was removed on the throttle lever side, the throttle returned immediately to the non-applied position;

   c. The washer used behind the retention snap ring on the throttle lever side was found to be a wave style washer;

   d. When the snap ring was reinstalled with the wave washer in place and the throttle was applied, it stayed partially in the applied position;

   e. The wave washer is not the correct washer for this application;

   f. The use of an incorrect washer by the manufacturer during assembly was the direct cause of the throttle staying in the applied position;

   g. The lack of appropriate lubrication of the throttle assembly may have been a contributing factor in this incident.

15. All of the irregularities outlined in paragraph 14 caused the throttle to become fastened and/or stuck. The sticking throttle due to the use of an incorrect washer was the direct cause of the incident which led to Mr. Fogel's injury.

16. All conditions precedent to the filing of this complaint have either been met by the Plaintiff or waived by the Defendant.

## COUNT I – NEGLIGENCE

The Plaintiff re-alleges the preceding paragraphs as if fully set forth herein.

17. The Defendant owed a duty of care to Plaintiff, to appropriately design, manufacture, construct, assemble, inspect, distribute, and sell the subject electric scooter.

18. At all times material, the Defendant breached that duty, when they negligently and carelessly designed, manufactured, constructed, assembled, inspected, distributed, and sold the subject electric scooter when it was dangerous and unsafe for its intended uses.

19. As a direct and proximate result of the negligence and carelessness of Defendant as described above, Plaintiff was thrown from the subject scooter and suffered bodily injury that is permanent within a reasonable degree of medical probability and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for enjoyment of life, expense of hospitalization, medical and nursing care and treatment, aggravation or a previously existing condition, loss of earnings and loss of the ability to earn money. The loss and injuries are either permanent or continuing and Plaintiff will suffer these losses in the future

20. But for the defect in the quality and workmanship of the subject electric scooter, the injuries to the Plaintiff would not have occurred.

4

**WHEREFORE**, the Plaintiff, Vladislav Fogel, sues the Defendant GoLabs, Inc., and demands judgment for damages, together with costs of suit, and such other further relief as the Court may deem proper.

### COUNT II – STRICT PRODUCTS LIABILITY

The Plaintiff re-alleges the preceding paragraphs as if fully set forth herein.

21.   At all times mentioned in this complaint, the subject electric scooter and its component parts were defective as to design, manufacture, testing, and warnings, causing the electric scooter and its component parts to be in a dangerous and defective condition that made them unsafe for their intended use.

22.   As a direct and proximate result of the defective and dangerous condition of the electric scooter described above, Plaintiff was thrown from the subject scooter and suffered bodily injury that is permanent within a reasonable degree of medical probability and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for enjoyment of life, expense of hospitalization, medical and nursing care and treatment, aggravation or a previously existing condition, loss of earnings and loss of the ability to earn money. The loss and injuries are either permanent or continuing and Plaintiff will suffer these losses in the future.

**WHEREFORE**, the Plaintiff, Vladislav Fogel, sues the Defendant GoLabs, Inc., and demands judgment for damages, together with costs of suit, and such other further relief as the Court may deem proper

### DEMAND FOR TRIAL BY JURY

Plaintiff, Vladislav Fogel, also demands a trial by jury in the above-entitled action.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true copy of this Complaint was served by process server on the Defendant, GoLabs, Inc.

LAW OFFICE OF DEIRDRE J. DIBIAGGIO
**Attorney for Plaintiff**
14 NE 1st Ave., Ste. 810
Miami FL 33132
Tel. 305-443-1212
Fax 305-443-0125
djd@dibiaggiolaw.com

By: *(signature)*

DEIRDRE J. DIBIAGGIO
FBN 845515

6